LYCOMING RUBBER COMPANY *et al.*, Appellants, v. KING & MILLETT *et al.*

**Fraudulent Conveyance**: MORTGAGE FOR EXCESSIVE AMOUNT. A mortgage by an insolvent mortgagee, supposing that mortgagors were considerably indebted, but not knowing their actual condition, given to a creditor upon substantially all the debtor's property subject to execution, for more than is owing, neither party to the mortgage knowing exactly what is due, which mortgage includes debts to others which the mortgagee was compelled to assume in order to obtain the mortgage, is not fraudulent as to other creditors where it is indorsed on the note given that the mortgage should secure such sums only as might be actually due during the life of the note, and where there is no intent to hinder other creditors. *King v. Gustafson*, 80 Iowa, 207, *distinguished*.

*Appeal from Hamilton District Court.*—HON. S. M. WEAVER, Judge.

MONDAY, FEBRUARY 5, 1894.

ACTION in equity to have set aside as fraudulent a certain chattel mortgage, and to subject the mortgaged property to the payment of judgments owned by plaintiffs. There was a hearing on the merits, and a decree in favor of the defendants. The plaintiffs appeal.— *Affirmed.*

*Wesley Martin* and *George Wambach* for appellants.

*J. L. Kamrar* for appellees.

ROBINSON, J.—On the fourteenth day of December, 1889, the defendants King & Millett made to their codefendant the Letts-Fletcher Company a note for the sum of six thousand, two hundred and eighty dollars and twenty-seven cents, payable on demand, and, to secure its payment, executed a chattel mortgage on the stock of merchandise and trade fixtures and appurtenances of the mortgagors, then located in the town of Jewell Junction, and also on all their book

accounts. The mortgage provided for a sale, on notice, in Jewell Junction in such manner as the mortgagee should consider for the interest of the parties to the mortgage. A day or two after it was given the mortgagee took possession of the mortgaged property, and commenced to sell the merchandise and to collect the accounts. The plaintiffs claim that the mortgage is fraudulent as to them, for the reason that it was given to secure a larger amount than the mortgagors were owing, and that it was intended to secure two creditors besides the mortgagee, and was, in effect, a general assignment with preferences, and, therefore, void. The plaintiffs ask that the mortgage be decreed to be fraudulent and void, and that the mortgagee be held as trustee of the property for their benefit.

I. The evidence shows the following facts: King & Millett were engaged in selling merchandise at Jewell Junction from the year 1883 until the mortgage was given. During most, if not all, of that time, they purchased goods of the Letts-Fletcher Company, a wholesale dealer at Marshalltown. They made payments on their purchases from time to time, but were owing to the company about four thousand, six hundred dollars when the mortgage was given. That amount was composed of twenty promissory notes, which had been given at different times, and an open account. All of the notes but one had been deposited in bank at Marshalltown, and credit for them given to the company. A mortgage on some buildings had been given to secure the company, but it was not satified with that security, and payment of their claims, or more satisfactory security, was demanded. Mr. Letts, for the company, visited King & Millett twice to obtain a settlement, but did not have a statement of the notes and account with him, and could not readily ascertain the indebtedness of the firm from its books. He computed the amount due from such information

as he had, and by that means found it to be, as he supposed, about five thousand, seven hundred dollars or five thousand, eight hundred dollars. King & Millett refused to give new security, unless the company would assume and agree to pay two bills which they were owing, which amounted to four hundred and sixty-one dollars and sixty-six cents. Letts finally assumed their payment for the company, and took the note and mortgage in controversy for the amount of those claims and the amount supposed to be due his company, but indorsed on the note the following: "This note is given and accepted as collateral security for any account or notes now owing Letts-Fletcher Company by King & Millett, or that they may owe during the life of this note, and there shall be no more due on this note at any time than is due on the account or notes for which this note is given as security." The mortgage on the buildings was surrendered when the new mortgage was executed. That included substantially all the property subject to execution which was then owned by the firm of King & Millett, but King had some property in his own right, which was not mortgaged. At the time of this transaction King & Millett were insolvent. The company knew or supposed that they were owing considerable amounts to various creditors, but did not know their actual condition. It has sold about all the personal property which was mortgaged, and has collected a portion of the accounts, but several hundred dollars are yet due on its claims. The giving of a note and mortgage by an insolvent debtor for an amount larger than that which he really owes is a badge of fraud if unexplained, but we think it has been fully and satisfactorily explained in this case. It was the right of the Letts-Fletcher Company to protect itself, even though by so doing it defeated the collection of claims of other creditors; and, had it known that King & Millett were

insolvent, the knowledge would not have affected that right, so long as they exercised it in good faith. The assuming of the claims of two other creditors under the circumstances of the case was not fraudulent, but an entirely proper business transaction, necessary to enable the company to obtain the security it desired. There was no intention to hinder, delay, or defraud, and by assuming the payment of the claims it made the indebtedness of King & Millett for them its own, and was entitled to indemnity on account of it. The case is unlike that of *King v. Gustafson*, 80 Iowa, 207, and other cases relied upon by appellants. A careful examination of the record fails to disclose any element of fraud in the transaction in controversy. The taking of a note and mortgage for a larger sum than the debtors were owing was the result of a want of accurate knowledge of the amount due, and was without any wrong intent, and has not prejudiced any one. In our opinion, the decree of the district court is right, and it is AFFIRMED.